# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60461
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2016

Lyle W. Cayce
Clerk

CLAUDIA HERNANDEZ-ABREGON,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 633 155

Before HIGGINBOTHAM, ELROD and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Claudia Hernandez-Abregon, a native and citizen of Guatemala, petitions this court to review the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the order of the Immigration Judge (IJ) denying her application for withholding of removal. Hernandez-Abregon contends that she was entitled to withholding of removal because she was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

persecuted and fears persecution on account of her membership in a particular social group, specifically, individuals who were sexually assaulted by gangs and resisted gang recruitment.

We review the BIA's decision and consider the IJ's decision to the extent that it influenced the BIA. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Agency legal conclusions are reviewed de novo "'unless a conclusion embodies [the BIA's] interpretation of an ambiguous provision of a statute that it administers,'" in which case deference is required. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (quoting *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984)). Such deference is required where, as here, the BIA has applied the social distinction and particularity test to determine that a proposed group does not qualify as a "particular social group." *See Orellana-Monson*, 685 F.3d at 521. Therefore, this court should defer to the BIA's conclusion unless it was arbitrary and capricious. *See id.* at 517, 521.

A particular social group is "a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Orellana-Monson*, 685 F.3d at 518. "[T]he risk of persecution alone does not create a particular social group and the term should not be a catch all for all persons alleging persecution who do not fit elsewhere." *Id.* at 518-19. This court defers to the BIA's requirements that a particular social group have "social visibility," meaning that "members of a society perceive those with the characteristic in question as members of a social group," and "particularity," meaning that the group "can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society

2

in question, as a discrete class of persons." *Id.* at 519 (internal quotation marks and citations omitted).

Like the petitioner in *Orellana-Monson*, Hernandez-Abregon's purported group lacks particularity because it "encompasses a wide swath of society crossing many political orientations, lifestyles, and identifying factors." *Orellana-Monson*, 685 F.3d at 522.   Additionally, Hernandez-Abregon's purported group lacks social visibility because there is no evidence that individuals who were sexually assaulted by gangs and resisted gang recruitment would be perceived by society as a distinct group. *See id.* Thus, the BIA's determination that Hernandez-Abregon failed to show persecution on account of membership in a particular social group, as required to succeed on her claim for withholding of removal, was reasonable and not arbitrary or capricious. *See id.* at 521.

Accordingly, her petition is DENIED.